IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER BECKHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 2:13-cv-891-WHA |
| ) | (WO) |
| ) | |
| LIBERTY LIFE ASSURANCE CO. OF ) | |
| BOSTON, and HOME DEPOT WELFARE ) | |
| BENEFITS PLAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on Defendant's Motion to Partially Dismiss Plaintiff's Original Complaint and Incorporated Memorandum of Law (Doc. # 16) filed by Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Home Depot Welfare Benefits Plan ("the Plan") (collectively, "the Defendants") on January 16, 2014. The Plaintiff, Jennifer Beckham ("Beckham or Plaintiff"), filed her Complaint in this case on December 5, 2013. On January 16, 2014, the Defendants filed their Answer and their Partial Motion to Dismiss.

In the Complaint, the Plaintiff brings claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for benefits under 29 U.S.C. § 1132(a)(1)(B) (Count I), breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1105 (Count II), and failure to provide documents under 29 U.S.C. § 1132(c) (Count III).  In the Prayer for Relief in the Complaint, the Plaintiff seeks relief under 29 U.S.C. § 1132(a)(1) for benefits and declaratory judgment, and seeks removal of Liberty Life from its fiduciary role in the administration of the

Plan; the appointment of a special master to replace Liberty Life as the decision maker for benefit determinations; prejudgment interest, attorneys and costs; and an injunction. (Doc. # 1 at p. 18 ¶¶ c, d, e).[1]  In Count II of the Complaint, Beckham also refers to "surcharge remedies." (Id. at ¶ 72).

The Defendants seek to have the Plaintiff's requests for equitable relief dismissed.[2]

For reasons to be discussed, the Motion to Partially Dismiss is due to be GRANTED.[3]

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not

---

[1] Although the Plaintiff does not specifically refer to 29 U.S.C. § 1132(a)(3) in the Complaint, there is apparently no dispute that she is seeking equitable relief pursuant to that section.

[2] While at various points in their briefs, the Defendants refer to the claim for fiduciary duty, they seek to dismiss the "claim for equitable relief." (Doc. #16 at p.5). Therefore, it is the claimed relief, and not Count II, which is at issue.

[3] Beckham asserts that the Defendants' Motion is actually a motion to strike, governed by Federal Rule of Civil Procedure 12(f) and not by Rule 12(b)(6). The court finds that the motion is appropriately brought as a Rule 12(b)(6) Motion.

contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III.  FACTS

The Complaint includes these allegations:

Home Depot USA, Inc. purchased the Plan as an employee welfare benefit plan covered by ERISA. The Plan was funded by an insurance policy sold and underwritten by Liberty Life.

Prior to her disability, Beckham was employed as a Department Supervisor for Home Depot USA, Inc. In September of 2012, Beckham suffered several strokes, and, after being restricted from working, filed a claim for disability benefits under the Plan.  Liberty Life approved payment of the claim on September 21, 2012 and subsequently told Beckham that Liberty Life would begin gathering the documentation needed to approve the claim. Liberty Life then sent Beckham a number of authorizations to complete, and Beckham did so. The Plaintiff alleges that Liberty Life did not conduct an adequate and reasonable investigation, and on November 6, 2012, Liberty Life denied Beckham's claim.

On November 8, 2012, Beckham experienced a fourth stroke, and has suffered additional events in March and September 2013. (Doc. #1 at ¶ 39).

On March 27, 2013, Beckham appealed Liberty Life's adverse decision. Despite having told Beckham that it would gather the records and assessments from the additional strokes, and in violation of the fiduciary duty owed to Beckham, the Plaintiff alleges that Liberty Life did not make any effort to gather those additional documents. Liberty Life denied Beckham's appeal on May 10, 2013, "noting that although [Beckham] had referenced [the] various records and

assessments, it did not consider the same because she had not sent in the actual documentation for them." (*Id.* ¶ 44). Beckham and her attorneys have since submitted the documentation to Liberty Life, but Liberty Life has not reviewed the documents and insists that Beckham's claim is closed.

## IV.  DISCUSSION

The Defendants argue that the Plaintiff's claim for equitable relief is inappropriate in view of her claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).  The Plaintiff responds that relief under § 1132(a)(1)(B) does not automatically foreclose equitable relief under § 1132 (a)(3).  The Plaintiff states that she is aware of no authority that permits an ERISA plaintiff to obtain an order effecting the removal and replacement of the administrator, a surcharge remedy, or an injunction, under § 1132(a)(1)(B).

Section 1132(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(a)(3) states that

> [a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [the] subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

In *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court noted that it "should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" The Court stated that, § 1132(a)(3) "act[s] as a safety net, offering

4

appropriate equitable relief for injuries caused by violations [of ERISA] that § [1132] does not elsewhere remedy." *Id.* at 512.

In cases applying *Varity*, the Eleventh Circuit has explained that a plaintiff does not have a claim under § 1132 (a)(3) if the plaintiff has an adequate remedy under (a)(1)(B), noting with approval the following statement of the law: "following [*Varity*] federal courts have uniformly concluded that, if a plaintiff can pursue *benefits* under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)." *Ogden v. Blue Bell Creameries U.S.C., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) (emphasis added) (quoting *Larocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002)); *see also Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999) (agreeing with an interpretation of *Varity* that required dismissal of claims for equitable relief for breach of fiduciary duty regardless of the merits of those claims where the plaintiff had a claim for benefits under §1132(a)(1)).

The Eleventh Circuit has further concluded that it is the facts upon which a claim is based, rather than the relief requested, which is controlling. *See Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065 (11th Cir. 2004). In *Jones*, the Eleventh Circuit concluded that the district court had erred because the court "should have considered whether the allegations supporting the Section [1132](a)(3) claim were also sufficient to state a cause of action under Section [1132](a)(1)(B), regardless of the relief sought, and irrespective of the Appellants' allegations supporting their other claims." *Id.* at 1073–74. Therefore, under *Jones*, in deciding whether a plaintiff can proceed with a claim for equitable relief, the court "considers whether Plaintiff has a cause of action, based on the same allegations, under the more specific remedial

5

provisions of ERISA." *Ferell v. Capitol City Bank and Co.*, No. 1:13cv240-RWS, 2013 WL 5781657, at*3 (N.D. Ga. Oct. 25, 2013).

      Subsequent to these Eleventh Circuit cases, the Supreme Court addressed the issue of nature of equitable remedies under § 1132(a)(3) in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011). In that case, the fiduciaries of an ERISA plan made disclosures which misled the beneficiaries about a change in their plan which in some respects provided them with fewer benefits. The district court reformed the plan under § 1132(a)(1)(B). The Court reversed the district court's decision to reform the plan under § 1132(a)(1)(B), noting that reformation was traditionally an equitable remedy and that nothing in the language of § 1132(a)(1)(B) allowed for changing the terms of the plan. Having concluded that the remedy applied by the district court was not provided under § 1132(a)(1)(B), the Court determined that "appropriate equitable relief" was available, characterizing the claim as "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) *about the terms of the plan* (which ERISA typically treats as a trust)." *Id.* at 1879 (emphasis added).

      The focus of the Supreme Court's analysis in *Amara* was on the nature of the remedies. There was no discussion of *Varity*. The Plaintiff in this case, however, seeks to apply *Amara* to define the "adequate relief" referred to in *Varity*. In this case, the Plaintiff has asserted a claim for benefits under § 1132(a)(1)(B), but argues that equitable relief in the form of a surcharge, appointment of a special master, and an injunction is also necessary to provide adequate relief. The Plaintiff cannot simply recast her benefits claim as one for equitable relief, and proceed on that alternative theory. *See, e.g., Cook v. Campbell*, 482 F. Supp. 2d 1341, 1361 (M.D. Ala. 2007) (dismissing equitable claims as repackaged claims for legal relief). The Plaintiff, however, does more than simply seek equitable relief for a denial of benefits. She alleges that

when she submitted a claim under the Plan, she was told by the Plan fiduciary that it would obtain documentation about her medical condition, and further alleges that the fiduciary did not obtain the documentation, and because of that, denied her claim.[4]  The Plaintiff alleges that due to a breach of fiduciary duty, she was damaged "in an amount equal to the benefits she was entitled to under the plan," and other damages.  (Doc. #1 at §72).  In other words, the Plaintiff has alleged that a misrepresentation led to a denial of benefits under the Plan as written, and should be remedied with plan benefits and equitable relief.

Although *Amara* also involved a representation, or omission, by the fiduciary, this case is distinguishable from *Amara* because the Plaintiff in this case does not allege a misrepresentation about the terms of the Plan, but rather a misrepresentation made in the course of denying benefits under the terms of the Plan as written.  *Amara*, by contrast, involved a claim that the plan did not provide the benefits which were represented by the fiduciary, so a reformation of the plan, and attendant remedies, were required as appropriate equitable relief.  That is, in *Amara*, enforcement of the plan as written did not remedy the fiduciary duty breach, and the plan as written had to be reformed.

The Plaintiff cites the court to *McCravy v. Met. Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012) as supporting the application of remedies discussed in *Amara* in this case.  *McCravy*, however, is distinguishable from this case because it concerned a limitation of remedy for a § 1132 (a)(3) claim, and also involved a representation that a dependent was covered under a plan.  *Id*. at 178.   Similarly, in another decision from outside of this circuit, *Gearlds v. Entergy Services, Inc*., 709 F.3d 448, 451 (5th Cir. 2013), *Amara* was applied in evaluating the nature of

---

[4] The court presumes this causation, although it is not explicitly pled, because a claim for equitable relief must allege harm and causation.  *See CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1882 (2011).

equitable remedies where representations by the fiduciary about an ERISA plan caused the plaintiff to retire early. *See also Del Rosario v. King & Prince Seafood Corp.*, 432 F.App'x 912 (11th Cir. 2011) (remanding claim based on omitted disclosures for consideration under *Amara*). In these cases, the remedies discussed in *Amara* were appropriately considered as remedies for misrepresentations made about the ERISA plans.

To allow the Plaintiff in this case to proceed on a claim for benefits and also equitable relief for misrepresentation as to the fiduciary's actions in *applying* the Plan, rather than a representation as to the *terms* of the Plan, regardless of the nature of the additional equitable remedies she has identified, would be an extension of *Amara*.

Given the Eleventh Circuit's interpretation of *Varity*, which is controlling law in this circuit, that when a plaintiff can pursue benefits under the plan pursuant to § 1132 (a)(1), there is an adequate remedy under the plan which bars a further remedy under § 1132 (a)(3), this court declines to extend *Amara* to the facts of this case, where the Plaintiff can pursue plan benefits for an alleged breach of fiduciary duty which resulted in the harm of denial of benefits under the Plan as written. *Cf. Ferrell*, 2013 WL 5781657 at *4 (applying pre-*Amara* Eleventh Circuit analysis and dismissing fiduciary duty claim where plaintiff had a claim for denial of benefits under the plan). Therefore, the court concludes that the Plaintiff's request for equitable relief is due to be dismissed.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Defendant's Motion to Partially Dismiss Plaintiff's Original Complaint (Doc. # 16) is **GRANTED**, and the Plaintiff's

requested equitable relief under 29 U.S.C. § 1132(a)(3), contained in the Prayer for Relief of the Complaint, is **DISMISSED**.

The Defendants' request for fees and costs included in the same motion is **DENIED**, the Defendants not having demonstrated that they are entitled to fees and costs at this time.

Done this 18th day of March, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE